

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 8, 1951

Hon. John Ben Shepperd
Secretary of State
Austin, Texas

Dear Mr. Shepperd:

Opinion No. V-1339

Re: Liability of a dissolved for-
eign corporation which applied
for surrender of its Texas
permit after the effective date
of H.B. 285, Acts 52nd Leg.,
1951, for additional franchise
taxes levied under this bill,
and related question.

     Your letter requesting our opinion relative to the above
captioned matter reads as follows:

     "Article 7084, V.C.S. of Texas, provides that
'every corporation heretofore or hereafter chartered
or authorized to do business in Texas . . . shall, on or
before May first of each year, pay in advance to the
Secretary of State a franchise tax for the year follow-
ing, . . . '

     "We have a foreign corporation that paid the
franchise tax for the period beginning May 1, 1951, at
the rate then in effect. The Fifty-second Legislature
amended Article 7084 by increasing the normal rate
from $1.00 to $1.25 per $1,000 of taxable capital,
which became effective September 1, 1951. Your of-
fice has heretofore ruled in opinion no. V-1264 that
all corporations would be required to pay additional
tax at the rate of 25 cents for the period September 1,
1951 to April 30, 1952, both dates inclusive. The for-
eign corporation submitted an application to surrender
its permit a few days after September 1 whereupon this
office made demand for the additional franchise tax
computed in accordance with the formula outlined in
Opinion V-1264. The application for surrender is be-
ing held in suspense pending settlement. In this con-
nection Article 7093, amended Acts 1949, 51st Legis-
lature, p. 975, ch. 536, §9, provides that a foreign cor-
poration may surrender its permit 'provided, however,
that prior to the surrender of such permit such corpo-
rations shall have paid in full all franchise taxes and
penalties owed by such corporation to the State of Texas.'

Hon. John Ben Shepperd, Page 2 (V-1339)

"The corporation is disclaiming additional tax
liability by reason of having legally dissolved in the
State of domicile on August 24, 1951, which is prior
to the effective date of H. B. 285, 52nd Legislature.
It is cited there was no corporate entity on Septem-
ber 1, 1951 against which franchise tax could accrue.
A photostatic copy of the purported Certificate of Dis-
solution issued by the secretary of state of the State
of Delaware has been submitted to us as evidence. The
same question is involved where a foreign corporation
dissolves in its home state prior to May 1 of any year
and submits an application to surrender its permit to
do business in Texas after May 1.

"In the first situation, would the corporation owe
additional franchise tax accruing under H. B. 285?

"In the second situation, would any franchise tax
accrue against the dissolved foreign corporation on
May 1, if such corporation's application for a surren-
der of its permit was received after May 1?"

Subdivision (1) of Article 7084, V.C.S., before its a-
mendment by House Bill 285, Acts 52nd Leg., R.S. 1951, ch. 402,
p. 695, read as follows:

"(1) Except as herein provided, every domestic
and foreign corporation heretofore or hereafter char-
tered or authorized to do business in Texas, or doing
business in Texas, shall, on or before May first of
each year, pay in advance to the Secretary of State a
franchise tax for the year following, based upon that
proportion of the outstanding capital stock, surplus
and undivided profits, plus the amount of outstanding
bonds, notes and debentures (outstanding bonds, notes
and debentures shall include all written evidences of
indebtedness which bear a maturity date of one (1)
year or more from date of issue, and all such instru-
ments which bear a maturity date of less than one (1)
year from date of issue which represent indebtedness
which has remained continuously outstanding for a
period of one (1) year or more from date of inception
whether or not said indebtedness has been renewed or
extended by the issuance of other evidences of the
same indebtedness to the same or other parties, and
it is further provided that this term shall not include
instruments which have been previously classified as
surplus), as the gross receipts from its business done
in Texas bears to the total gross receipts of the cor-

poration from its entire business, which tax shall be computed on the basis of One Dollar ($1) per One Thousand Dollars ($1,000) or fractional part thereof, provided, that such tax shall not be less than Twenty Dollars ($20) in the case of any corporation, including those without capital stock, and provided further that the tax shall in no case be computed on a sum less than the assessed value, for State ad valorem tax purposes, of the property owned by the corporation in this State. Capital stock as applied to corporations without capital stock shall mean the net assets."

The above section as amended by House Bill 285 reads exactly as it did before the amendment, with the exception that the $1.00 rate was raised to $1.25 and the minimum tax was raised from $20 to $25.

House Bill 285 expressly provides that it shall take effect and be in force from and after the first day of September, A.D. 1951. It is settled law in this State that a legislative enactment speaks from the date that it becomes effective. You will note that Article 7084, V.C.S., purports to levy a franchise tax only against corporations, both domestic and foreign. As the corporation in question was dissolved in the state of its domicile on August 24, 1951, it follows that it was not a corporation, either domestic or foreign, on September 1, 1951, the effective date of the act. You are therefore advised that the dissolved corporation in question does not owe any additional franchise tax levied under House Bill 285.

For the same reason you are advised that if a foreign corporation is dissolved in the state of its domicile prior to May 1, such corporation would not owe a franchise tax in Texas for the following year beginning on May 1, even though the corporation's application for a surrender of its permit was received in the Secretary of State's office after May 1.

## SUMMARY

If a foreign corporation was dissolved in the state of its domicile prior to September 1, 1951, such corporation does not owe any additional franchise tax levied under House Bill 285, Acts 52nd Leg., R.S. 1951, ch. 402, p. 695, even though its application for surrender of permit is received in the Secretary of State's office after September 1, 1951. If a foreign corporation is dissolved in the state of its domicile prior to

May 1, such corporation will not owe a franchise tax in Texas for the following year beginning May 1, even though its application for surrender of permit is received in the Secretary of State's office after May 1.

Yours very truly,

PRICE DANIEL
Attorney General

By W. V. Geppert

W. V. Geppert
Assistant

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

WVG/mwb